UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MELVIN HORACIO PARAMO RIVERO,

*Petitioner*,

v. Case No. 3:26-cv-2422-JEP-LLL

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

*Respondents*.
____________________________________/

**ORDER**

Petitioner, a citizen of Cuba, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 on September 16, 2026. (Doc. 1). Petitioner argues, among other things, that his prolonged detention violates the Fifth Amendment's Due Process Clause as the Supreme Court construed it in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*See* Doc. 1 at 6–8). He asks the Court to order his release. (*Id.* at 8).

Petitioner arrived in the United States in December 2022 and subsequently adjusted his status to lawful permanent resident in May 2024. (Doc. 7-1 at 2). On September 9, 2025, he was convicted of domestic violence by strangulation and battery-domestic in Lee County, Florida. (Doc. 7 at 1). United States Immigration and Customs Enforcement ("ICE") encountered Petitioner "at a State Probation office visit" and detained him on February 17,

2026. (*Id.*; Doc. 7-3). On March 10, 2026, an immigration judge ordered Petitioner removed from the United States and Petitioner waived his right to appeal, rendering his removal order final. (Doc. 7-2). At the time Petitioner filed the petition, he had been detained for 190 days following entry of his removal order.

The Federal Respondents "do not oppose the petition." (Doc. 7 at 1). They represent that "[t]he official position of [the Department of Homeland Security] is that there is a significant likelihood of removal in the reasonably foreseeable future," but "[t]he only evidence available currently is the Notice of Removal to Mexico."[1] (*Id.* at 4). Thus, "the United States Attorney's Office anticipates that the Court will conclude it lacks sufficient detail to meet the government's burden in justifying continued prolonged detention." (Doc. 7 at 5).

In light of the Federal Respondents' representation that they "do not oppose the petition," and their failure to offer *any* argument justifying Petitioner's continued detention, the Court deems the petition unopposed in that respect. As such, the Court finds that Petitioner is entitled to release from detention under *Zadvydas*. However, Petitioner's release "shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C.

[1] According to the Notice of Removal, an ICE official provided Petitioner with a copy of the Notice on August 13, 2026, but Petitioner allegedly refused to sign the Notice. (Doc. 7-4).

§ 1231(a)(3); *Zadvydas*, 533 U.S. at 699–700 (holding that when continued detention is unreasonable because removal is not reasonably foreseeable, "the alien's release may and should be conditioned on any of the various forms of supervised release.").

Accordingly, it is **ORDERED**:

1. The Warden's request to be dismissed as an improper respondent (Doc. 6) is **DENIED** for the same reasons stated in *Lanvin-Valdez v. U.S. Immigr. & Customs Enf't*, No. 3:26-CV-180-JEP-SJH, 2026 WL 1004569, at *2–3 (M.D. Fla. Apr. 14, 2026).
2. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to his *Zadvydas* claim.[2] Respondents shall release Petitioner, subject to supervision pursuant to 8 U.S.C. § 1231(a)(3), **within 24 hours** of this Order, and they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.

[2] To the extent Petitioner raises any other claims, the Court need not address them. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on October 5, 2026.

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
pro se Petitioner
Counsel of Record